UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHINA EXPORT & CREDIT INSURANCE CORPORATION a/s/o ZHEJIANG JINGU COMPANY LIMITED | ) ) ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO.: _____ ) ) JUDGE ) MAGISTRATE JUDGE |
| v. | ) ) |
| CARLISLE TRANSPORTATION PRODUCTS INC., CARLISLE COMPANIES, INC., CARLISLE FLUID TECHNOLOGIES, INC., THE CARLSTAR GROUP, LLC and AMERICAN INDUSTRIAL PARTNERS CAPITAL FUND V, L. P., | ) JURY DEMAND ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, China Export & Credit Insurance Corporation a/s/o Zhejiang Jingu Company Limited ("CECIC") through its undersigned attorneys, alleges as follows for its Complaint against the Defendants Carlisle Transportation Products Inc. ("Carlisle"), Carlisle Companies, Inc. ("CCI"), Carlisle Fluid Technologies, Inc. ("CFT"), The Carlstar Group, LLC ("Carlstar"), and American Industrial Partners Capital Fund V, L.P. ("AIP"), collectively referred to as the Defendants, and upon information and belief that:

## PARTIES

1. At all material times, Plaintiff CECIC was and is a foreign company with its principal offices located at Fortune Times Building, No. 11 Fenghuiyuan, Xicheng District Beijing, 100032, People's Republic of China and sues herein as a subrogated insurer, having paid

1

the insurance claim of its policy holder, Zhejiang Jingu Company Limited ("Jingu") (collectively, "Plaintiff" unless otherwise specified), as their interests may appear.

2. At all material times, Jingu manufactures products, including but not limited to, steel wheels and other automotive components.

3. Upon information and belief, Defendant Carlisle is a Delaware corporation with its principal place of business located at 725 Cool Springs Boulevard, Suite 320, Franklin, Tennessee 37067. Defendant Carlisle filed Articles of Amendment with the Tennessee Secretary of State on May 27, 2014 and filed a name change from Carlisle Transportation Products, Inc. to Carlisle Fluid Technologies, Inc., hereinafter Defendant CFT.

4. Upon information and belief, Defendant CCI is a Delaware corporation with its principal place of business located at 11605 North Community House Road, Suite 600, Charlotte, North Carolina 28277.

5. Upon information and belief, Defendant CFT is a Delaware subsidiary corporation of Defendant CCI with its principal place of business located at 11605 North Community House Road, Suite 600, Charlotte, North Carolina 28277. Defendant CFT previously conducted business under the name of Carlisle Transportation Products, Inc. (Defendant Carlisle).

6. Upon information and belief, Defendant Carlstar is a Delaware limited liability company with its principal place of business located at 725 Cool Springs Boulevard, Suite 320, Franklin, Tennessee 37067. Defendant Carlstar filed Articles of Amendment with the Tennessee Secretary of State on March 9, 2015, changing the name from "CTP Transportation Products, LLC" (located at 725 Cool Springs Boulevard, Suite 320, Franklin, Tennessee 37067) to "The Carlstar Group LLC" (located at 330 Madison Avenue, 28th Floor, New York, New York 10017). Defendant Carlstar filed its 2015 Annual Report Due 04/01/2016 with the Tennessee Secretary of

State on January 20, 2016, changing its principal address from 330 Madison Avenue, 28th Floor, New York, New York 10017 to 725 Cool Springs Boulevard, Suite 320, Franklin Tennessee 37067. The Tennessee Secretary of State currently lists Defendant Carlstar's principal address as 725 Cool Springs Boulevard, Suite 320, Franklin, Tennessee 37067, with Jie Liu (Controller at Defendant CCI) as principal and mailing contact.

7. Upon information and belief, Defendant AIP is a Delaware limited partnership with its principal place of business located at 330 Madison Avenue, 28th Floor, New York, New York 10017. Defendant AIP acquired the assets and liabilities of Defendant Carlisle, a division of Defendant CCI on or around December 31, 2013. Defendant AIP formed Defendant Carlstar, and Defendant AIP is the current majority shareholder of Defendant Carlstar.

8. Upon information and belief, at all material times, Defendant Carlisle ordered and purchased various steel wheels and other automotive parts (hereinafter the "Goods") from Jingu and is in the business of selling those Goods for profit.

## JURISDICTION AND VENUE

9. This Court possesses jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), as there is diversity between citizens of different states and subjects of a foreign state and the amount in controversy exceeds $75,000.00.

10. Venue is proper in this case pursuant to 28 U.S.C. §1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in the Middle District of Tennessee.

## FACTUAL BACKGROUND

11. On or between approximately March 2013 and August 2013, Jingu sold the Goods to Carlisle, a/k/a CCI, CFT, Carlstar and AIP, and issued the following invoices: No. CWJG1885-1887 in the amount of $32,887.23, No. CWJG1897-1904-1 in the amount of $43,504.12, No.

CWJG1835-13 in the amount of $21,934.08, No. CWJG1890-1-2-3 in the amount of $64,706.66, No. CWJG1904-2-3 in the amount of $30,467.86, No. CWJG1901-1-2 in the amount of $43,109.56, No. CWJG 1884-1-2-3-4 and No. CWJG1892-1-2 in the combined amount of $141,047.60, No. CWJG1903-1-2-3 in the amount of $56,865.38, No. CWJG1886-1-2-3 in the amount of $66,426.30, No. CWJG1905-1-2-3-4 and No. CWJG1911-1-2-3-4 in the combined amount of $197,525.82, No. CWJG1915-1 in the amount of $17,406.80, No. CWJG1895 in the amount of $26,461.40, No. CWJG 1906-1920 in the amount of $144,846.60, No. CWJG1917 in the amount of $17,817.60, No. CWJG1915-2 in the amount of $17,640.00, No. CWJG1910-1 in the amount of $16,196.00, No. CWJG1896-1909-1 in the amount of $41,425.70, and No. CWJG1909-2-1912 in the amount of $43,739.68.

12. During the time of sale and purchase of the Goods, CCI owned Carlisle, but CCI subsequently sold the assets and liabilities of Carlisle to AIP on or around December 31, 2013. AIP subsequently created Carlstar on or around December 26, 2013. CFT, previously conducting business as Carlisle, is a subsidiary corporation of CCI.

13. Carlisle has not made payments to Jingu on these invoices.

14. The balance totaling $1,024,008.39, plus interests, costs and attorneys' fees remains outstanding and due.

15. As a matter of course and throughout its dealings with Carlisle, Jingu would direct the debtor to wire funds under a specific set of wiring instructions to its bank account located in Mainland China.

16. In none of the previous courses of dealing between Jingu and Carlisle did Jingu ever change the wiring instructions, addresses or beneficiaries.

17. Carlisle claimed to have received "new wiring instructions" from Jingu on or about May 19, 2013, directing payments to be made to a bank, account number, and beneficiary different from the usual set of instructions.

18. At no time did Jingu send wiring instructions to that effect on or about May 19, 2013.

19. Carlisle again claimed to have received another set of "new wiring instructions" from Jingu on or about June 11, 2013, directing payments to be made to a bank in Hong Kong and to an account number and beneficiary different from the usual set of instructions.

20. At no time did Jingu send wiring instructions to that effect on or about June 11, 2013.

21. Jingu did not find out about the purported "new wiring instructions" until about June 28, 2013, and immediately upon learning that Jingu informed Carlisle that it had not sent any new wire instructions.

22. The "new wiring instructions" received by Carlisle originated from email addresses not known to or associated with Jingu.

23. At no point did Carlisle expend any effort within a reasonable time after receiving the "new wiring instructions" to verify the validity, origination, or source of those instructions with Jingu.

24. To date, Carlisle has not made payments to Jingu on the above-referenced invoices.

**AS AND FOR A FIRST CAUSE OF ACTION**
**<u>BREACH OF CONTRACT AS TO ALL DEFENDANTS</u>**

25. Plaintiff repeats, reiterates, re-alleges, each and every allegation contained in the forgoing paragraphs as if set forth herein at full length.

26. Jingu shipped the Goods to Carlisle, a/k/a CCI, CFT, Carlstar and AIP, in accordance with above-mentioned commercial invoices.

27. Carlisle breached its contractual agreement with the Jingu by failing to pay for the Goods shipped to the Carlisle.

28. As a direct and proximate result of the Defendants' breach of its contractual obligations under the commercial invoices referenced herein, Plaintiff has been damaged in the amount not less than $1,024,008.39, plus interest, costs and attorneys' fees.

**AS AND FOR A SECOND CAUSE OF ACTION**
**ACTION ON ACCOUNT AS TO ALL DEFENDANTS**

29. Plaintiff repeats, reiterates, re-alleges, each and every allegation contained in the forgoing paragraphs as if set forth herein at full length.

30. Jingu shipped the Goods and issued the above-referenced commercial invoices to the Carlisle, a/k/a CCI, CFT, Carlstar and AIP, pursuant to purchase orders received from Carlisle.

31. Carlisle received and retained the invoices without objection.

32. Carlisle failed to remit payment despite the fact that they have been in possession of the invoices beyond a reasonable amount of time.

33. Plaintiff demanded payment of the balance due, but Carlisle has refused to pay and remains delinquent in its account.

34. As a direct and proximate result of Carlisle's failure to pay the invoices, Plaintiff has been damaged in an amount not less than $1,024,008.39, plus interest, costs and attorneys' fees.

## AS AND FOR A THIRD CAUSE OF ACTION
## UNJUST ENRICHMENT AS TO ALL DEFENDANTS

35. Plaintiff repeats, reiterates, re-alleges, each and every allegation contained in the forgoing paragraphs as if set forth herein at full length.

36. At all relevant times, Carlisle, a/k/a CCI, CFT, Carlstar and AIP, accepted delivery of the Goods from Jingu but failed to pay Jingu for them.

37. By reason of the aforesaid, Carlisle has been unjustly enriched at the detriment of Plaintiff.

38. As a direct and proximate result of the Carlisle's failure to pay for the Goods, Plaintiff has been damaged in an amount not less than $1,024,008.39, plus interest, costs, and attorney's fees.

## AS AND FOR A FOURTH CAUSE OF ACTION
## NEGLIGENCE AS TO ALL DEFENDANTS

39. Plaintiff repeats, reiterates, re-alleges, each and every allegation contained in the forgoing paragraphs as if set forth herein at full length.

40. At all relevant times, Carlisle, a/k/a CCI, CFT, Carlstar and AIP, had a duty of care to take reasonable precautions to prevent fraudulent cyber activity with respect to the transfer of monetary payments.

41. Carlisle did not take such reasonable precautions and did not within a reasonable time after receiving purported "new instructions" expend any effort to verify the source, origination, and validity of those instructions.

42. Carlisle did not alert Jingu or inquire as to the source, origination, and validity of the "new instructions" within a reasonable time after receiving those instructions.

43. As a direct and proximate result of the Carlisle's negligent conduct and omissions, Plaintiff has been damaged in an amount not less than $1,024,008.39, plus interest, costs, and attorney's fees

## AS AND FOR A FIFTH CAUSE OF ACTION
## CONVERSION AS TO ALL DEFENDANTS

44. Plaintiff repeats, reiterates, re-alleges, each and every allegation contained in the forgoing paragraphs as if set forth herein at full length.

45. At all relevant times, Carlisle, a/k/a CCI, CFT, Carlstar and AIP, accepted delivery of the Goods from Jingu but failed to pay Jingu for them.

46. At all relevant times, Carlisle kept the Goods and sold them for profit.

47. At all relevant times, Carlisle failed to return the Goods to Jingu.

48. As a direct and proximate result of the Carlisle's failure to pay for the Goods and return the Goods, Plaintiff has been damaged in an amount not less than $1,024,008.39, plus interest, costs, and attorney's fees.

WHEREFORE, Plaintiff demands judgment against the Defendants, Carlisle, a/k/a CCI, CFT, Carlstar and AIP, as follows:

A) for the sum not less than $1,024,008.39;

B) for pre-judgment interest;

C) for attorneys' fees and the costs of this action; and

D) for such other and further relief as this Court deems just and proper.

Respectfully submitted,

s/ Jason M. Bergeron
Jason M. Bergeron (BPR No. 023507)
FROST BROWN TODD LLC
150 3rd Avenue South, Suite 1900
Nashville, Tennessee 37201
(615) 251-5570 Telephone
(615) 251-5551 Facsimile
jbergeron@fbtlaw.com


MESSNER REEVES LLP

Scott L. Evans *(pro hac vice pending)*
1430 Wynkoop Street, Suite 300
Denver, Colorado 80202
(303) 623-1800 Telephone
(303) 623-0552 Facsimile
sevans@messner.com

*Attorneys for Plaintiff*

0133803.0636684   4823-5770-3985v2